**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| FAITH TEMPLE CHURCH OF GOD IN CHRIST, §§§§ | | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 1:17-cv-435 |
| CHURCH MUTUAL INSURANCE COMPANY, | §§§§ | |
| Defendant. | § | |

**DEFENDANT CHURCH MUTUAL INSURANCE
COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Church Mutual Insurance Company ("Church Mutual") files this Notice of Removal to the United Stated District Court for the Eastern District of Texas, Beaumont Division, and respectfully shows the following:

**I. Summary of Removal**

1. Church Mutual removes this matter from the 356th District Court of Hardin County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division. Church Mutual has met all of the requirements of 28 U.S.C. § 1441, as there is complete diversity between itself and Plaintiff Faith Temple Church of God in Christ ("Faith Temple" or "Plaintiff")). Church Mutual is a citizen of the state of Wisconsin. Faith Temple is a citizen of the State of Texas. The amount in controversy exceeds $75,000.00. Thus, there are grounds for removal of this action to federal court.

**II. Removal Exhibits**

2. In support of its Notice of Removal, Church Mutual attaches the following exhibits and incorporates the same herein by reference:

| | |
|---|---|
| Exhibit A | List of All Parties (10/16/2017); |
| Exhibit B | Civil Cover Sheet (10/16/2017); and |
| Exhibit C | Docket Sheet (8/25/2017); |
| Exhibit D | Plaintiff's Original Petition (8/25/2017); |
| Exhibit E | Church Mutual Insurance Company's Original Answer (9/25/2017); |
| Exhibit F | Civil Citation and Officer's Return for Church Mutual Insurance Company (8/25/2017); |
| Exhibit G | List of All Attorneys (10/16/2017); |
| Exhibit H | Record of Request for Trial by Jury (10/16/2017); and |
| Exhibit I | Name and Address of Court from which Case is Being Removed (10/16/2017). |

### III. Procedural Background

3.    On August 25, 2017, this civil action was commenced by the filing of Plaintiff's Original Petition ("Petition") in the 356th District Court of Hardin County, Texas under Cause No. 58524; *Faith Temple Church of God in Christ v. Church Mutual Ins. Co.* ("State Court Suit"). *See* Exhibit D, pg. 1.

4.    In the Petition, Faith Temple seeks damages arising out of a first party insurance claim for property damage allegedly due to "storm related conditions," which claim was made under an insurance policy issued by Church Mutual. *See* Exhibit D, ¶¶ 5 – 8. The Petition makes numerous allegations against Church Mutual and alleges causes of action for breach of contract, violations of the Texas Deceptive Trade Practices Act and Tie-In Statutes, violations of Texas Insurance Code, Breach of the Common-Law Duty of Good Faith and Fair Dealing and Unfair Insurance Practices. *See id.*, ¶ 24 – 52.

5.    Church Mutual was served with a copy of the Citation and the Petition on

September 20, 2017. Church Mutual now removes this case to federal court pursuant to 28 U.S.C. § 1441.

### IV. Argument and Authorities

#### A.  Legal standard for removing cases

6. A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S. § 1441). The removing party bears the burden of establishing that a state-court suit is removable to federal court. *Id* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995)). To determine whether there is removal jurisdiction, the claims in the state court petition are considered as they existed at the time of removal. *Manguno*, 276 F.3d at 723. Doubts about the propriety of removal are to be resolved in favor of remand. *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

#### B.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

##### 1.  There is complete diversity between the parties.

7. Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions where there is diversity of citizenship and the matter in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, a case is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b).

8. Faith Temple is a nonprofit corporation that is incorporated in the State of Texas. Faith Temple's principal place of business is in the State of Texas, specifically 2800 Hwy 327

West and Fresenius Road, Silsbee, Texas 77656. Church Mutual is a foreign corporation that is duly organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Lincoln County, Wisconsin. Accordingly, there is complete diversity between Faith Temple and Church Mutual.

### 2. The amount in controversy exceeds $75,000.00.

9. The Petition expressly states "Plaintiff seeks monetary relief of over $100,000 but not more than $200,000." *See* Exhibit D, ¶ 56. *See* 28 U.S.C. § 1446(c)(2). Thus, Faith Temple seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorney fees. Church Mutual may therefore remove the case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

## C. All requirements for removal have been met and removal to this Court is proper.

10. In accordance with 28 U.S.C. § 1446(b), a defendant timely files its notice of removal within 30 days after receiving a copy of the initial pleading. Church Mutual received the Citation and Petition on September 20, 2017. Therefore, removal is timely as this Notice of Removal was filed within the time limits required.

11. The United States District Court for the Eastern District of Texas, Beaumont Division is the proper court in which to remove this action pursuant to 28 U.S.C. § 1446(a), in that this civil action is pending in this district and division.

12. In accordance with the provisions of 28 U.S.C. § 1446(d), Church Mutual is serving written notice upon counsel for Faith Temple and is filing a copy of this Notice of Removal with the District Clerk of Hardin County, Texas.

13. Pursuant to Local Rule CV-81, the following items have been attached to this Notice of Removal: (i) List of All Parties; (ii) Civil Cover Sheet; (iii) a certified copy of the Docket Sheet from the State Court Suit; (iv) Plaintiff's Original Petition from the State Court

Suit; (v) Church Mutual Insurance Company's Original Answer from the State Court Suit; (vi) Civil Citation and Officer's Return for Church Mutual Insurance Company from the State Court Suit; (vii) List of All Attorneys; (viii) Record of Request for Trial by Jury; and (ix) Name and Address of Court from which Case is Being Removed.

## V.  Jury Demand

14. Church Mutual did not make a demand for a jury trial in the State Court Suit but is filing a Jury Demand simultaneously with this Notice of Removal.

## VI. Conclusion

WHEREFORE, Defendant Church Mutual Insurance Company files its Notice of Removal that the above-entitled action is removed from the 356th District Court of Hardin County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division and Defendant requests that this Court take jurisdiction of the case through to final judgment in accordance with the laws of the United States.

        Respectfully submitted,

        SHEINESS, GLOVER, & GROSSMAN, L.L.P.

By: _____
     Marc A. Sheiness
     Attorney-in-Charge
     Texas State Bar No. 18187500
     Federal Bar No. 2591
     4544 Post Oak Place Drive, Suite 270
     Houston, Texas 77027
     Telephone: (713) 374-7005
     Facsimile:  (713) 374-7049
     Email: msheiness@hou-law.com

Attorney for Defendant
CHURCH MUTUAL INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of this instrument has been served on all counsel of record by e-filing, certified mail – return receipt requested, regular mail, fax, email or hand delivery on this 16th day of October 2017.

    C. Bryan Beverly
    The Voss Law Firm, P.C.
    The Voss Law Center
    26619 Interstate 45 South
    The Woodlands, Texas 77380

                                                           MARC A. SHEINESS